IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MILAS,<br>      Plaintiff | C.A. No. 19-313 Erie |
| v. | District Judge Susan Paradise Baxter |
| JOHN E. WETZEL, et al.,<br>      Defendants. | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff James Milas, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest")[1], initiated this *pro se* civil rights action by filing a complaint in the Court of Common Pleas of Forest County, Pennsylvania. The action was subsequently removed to this Court pursuant to a Notice of Removal filed by Defendants on October 28, 2019. The following individuals were originally named as Defendants: Department of Corrections Secretary John E. Wetzel ("Wetzel"); Derek Oberlander, Superintendent at SCI-Forest ("Oberlander"); Robert Dickey, Security Lieutenant at SCI-Forest ("Dickey"); James, Cert. Team Officer at SCI-Forest ("James"); Raymond Burkhart, Property Lieutenant at SCI-Forest ("Burkhart"); C.O. II Sgt. Snyder, Cert. Team Sgt. at SCI-Forest ("Snyder"); Lisa Reeher, Grievance Coordinator ("Reeher"); and Dorina Varner, Chief Grievance Officer ("Varner"). The crux of the complaint focused on two principal constitutional claims: a First Amendment claim of denial of access to the courts, and a Fourteenth Amendment due process claim of confiscation and destruction of property. In addition, Plaintiff alluded to a possible claim of retaliation, which was not stated separately or clearly.

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania

1

On July 7, 2020, this Court entered a Memorandum Opinion and Order [ECF Nos. 32, 33] granting Defendants' motion to dismiss [ECF No. 9], as follows: all of Plaintiff's claims against Defendants Wetzel, Oberlander, Dickey, Reeher, and Varner were dismissed for lack of personal involvement in any constitutional misconduct and the Clerk was directed to terminate said Defendants from this case;[2] Plaintiff's Fourteenth Amendment due process claim was dismissed with prejudice for failure to state a claim; and Plaintiff's First Amendment denial of access to the courts claim against Defendants James, Snyder, and Burkhart was dismissed, without prejudice to Plaintiff's right to file an amended complaint "to more clearly define how the loss of his legal materials prevented him from making an 'arguable' claim on appeal, the precise nature of the arguable claim, and the remedy that he claims was lost." [ECF No. 33]. In addition, Plaintiff was granted leave to include in his amended complaint a separate and more clearly defined claim of retaliation against Defendants Snyder, James, and/or Burkhart, if he so desired (Id.).

Plaintiff ultimately filed an amended complaint on January 11, 2021, against Defendants Burkhart, James, and Snyder [ECF No. 56].[3] In accordance with this Court's Order of July 7, 2020, the amended complaint provides additional allegations in clarification and support of Plaintiff's First Amendment access to the courts claim.[4] Plaintiff subsequently filed a supplement to his amended complaint [ECF No. 69], which sets forth additional allegations intended to

---

[2] Due to an apparent oversight, Defendant Wetzel was never terminated on the docket.

[3] Plaintiff also improperly named Wetzel as a Defendant in the amended complaint, though he had previously been dismissed from the case, with prejudice.

[4] Plaintiff also attempted to restate his Fourteenth Amendment due process claim that was previously dismissed by the Court, and also attempted to add additional claims under the Fourth and Fifth Amendments. Because these restated and/or additional claims were included in violation of this Court's Order of July 7, 2020, they were summarily dismissed by the Court by Order dated January 18, 2022 [ECF No. 80].

establish a claim of retaliation against Defendant Burkhart, as permitted by this Court's Order of July 7, 2020 [ECF No. 33].

On May 4, 2021, Defendants filed a motion to dismiss both the amended and supplemental complaints [ECF No. 70], which was granted in part and denied in part by this Court's Memorandum Opinion [ECF No. 79] and Order [ECF No. 80], thus leaving the following claims against the following Defendants: (1) a First Amendment access to courts claim against Defendants Burkhart, Snyder, and James; and (2) a retaliation claim against Defendant Burkhart.

On April 30, 2024, after the close of discovery, Defendants filed a motion for summary judgment [ECF No. 100], along with a supporting brief [ECF No. 101] and a concise statement of material facts [ECF No. 102], which are currently pending before the Court. As grounds for summary judgment, Defendants raise three arguments: (1) Plaintiff failed to exhaust his administrative remedies with regard to the claims against them; (2) Plaintiff's claims are barred by the applicable statute of limitations; and (3) Plaintiff's claims fail on the merits as a matter of law, in any event.

Plaintiff has since filed five (5) motions for extension of time to file a response to Defendants' motion [ECF Nos. 104, 106, 109, 111, 113]. The first four extension requests were all granted, or allowed, as requested. [ECF No. 105, 107, 110, 112].[5] However, the fifth motion for extension, which was filed on December 5, 2024, and requested an additional sixty (60) days [ECF No. 113], was granted only until January 28, 2025, with the cautionary notation that, "if Plaintiff would like his response to be considered by the Court, he must file it by 1/28/2025.

---

[5] Plaintiff's fourth extension request [ECF No. 111], which requested an additional thirty days from October 18, 2024, was actually dismissed as moot by this Court's Order of December 3, 2024, because the requested thirty-day extension period had already passed.

3

Anything filed after that date will not be considered." This final time period has now expired and Plaintiff has still not filed anything in response to Defendants' motion. As a result, the Court will consider Defendants' motion in the absence of Plaintiff's response and all well-supported facts cited by Defendants will be deemed undisputed.

## II.   DISCUSSION

Defendants assert that they are entitled to summary judgment because, *inter alia*, Plaintiff failed to exhaust his administrative remedies with regard to either of his remaining claims, in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), which provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). Indeed, the United States Supreme Court has repeatedly confirmed that "[t]here is no question that exhaustion is mandatory under the PLRA." Ross v. Blake, 578 U.S. 632, 639 (2016), quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); accord Jones v. Bock, 549 U.S. 199, 211 (2007). "And that

mandatory language means a court may not excuse a failure to exhaust, even to take [] [special] circumstances into account." Ross, at 1856.

Additionally, exhaustion must be "proper," which "demands compliance with an agency's deadlines and other critical procedural rules." Woodford, at 90. This serves to protect "administrative agency authority" over the matter, giving an agency "an opportunity to correct its own mistakes ... before it is hauled into federal court," and "discourages 'disregard of [the agency's] procedures." Id. at 89, quoting McCarthy, 503 U.S. at 145. This means that an inmate must fully and properly exhaust all available process. Nyhuis, 204 F.3d at 67 ("exhaustion of *all* administrative remedies [is] mandatory").

In this regard, the DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

An inmate has exhausted his administrative remedies "whenever there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal"). Spruill, 372 F.3d at 227-28. Indeed, even if the inmate attempts to appeal to final review but does not comply with the proper procedure in all respects, he has not properly exhausted. Mack v. Klopotoski, 540 Fed. Appx. 108 (3d Cir. 2013)

(inmate who appealed to final review but submitted handwritten copy of intermediate appeal rather than a photocopy did not properly exhaust). In addition, rejection of a grievance appeal at final review for failing to comply with grievance procedures is not proper exhaustion and does not serve to exhaust administrative remedies. Spearman v. Morris, 643 Fed. Appx. 82 (3d Cir. 2016).

Here, all the Plaintiff's claims arise from a search of his cell that occurred on or about September 26, 2016, during which his legal documents were confiscated by Defendants, in alleged violation of his First Amendment right to access the courts, and were subsequently lost or destroyed by Defendant Burkhart, allegedly in retaliation for Plaintiff's filing of grievances. The only grievance pertaining to the claims in this case is Grievance No. 669485, which was filed by Plaintiff at SCI-Forest on or about March 17, 2017. (ECF No. 102, Defendants' Concise Statement of Material Facts, at ¶¶ 20-21; ECF No. 103-10). The grievance was received and rejected by the Facility Grievance Coordinator on March 21, 2017, for Plaintiff's failure to comply with institutional grievance procedures. (ECF No. 102, at ¶¶ 23-24; ECF No. 103-10, at p. 4). Plaintiff filed an appeal from the rejection of Grievance No. 669485 on April 11, 2017 (ECF No. 102, at ¶ 25; ECF No. 103-10 at pp. 5-6); however, Plaintiff's appeal was dismissed as untimely pursuant to the Facility Manager's Appeal Response dated April 13, 2017 (ECF No. 102, at ¶ 26; ECF No. 103-10 at p. 7). Plaintiff then appealed the Facility Manager's dismissal of his grievance appeal on May 1, 2017 (ECF No. 102, at ¶ 27; ECF No. 103-10 at p. 8). On May 9, 2017, the Secretary's Office of Inmate Grievances and Appeals issued a Final Appeal Decision dismissing Grievance No. 669485, after determining that it had been properly rejected at the facility level. (ECF No. 102, at ¶ 28; ECF No. 103-10 at p. 9).

Based on the foregoing, it is readily apparent from the record that Plaintiff did not

properly exhaust his administrative remedies as to any claim, issue, or defendant remaining in this case. As a result, the entry of summary judgment in favor of all Defendants is warranted.

An appropriate Order follows.